IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ROBERT BLAKE CARSON                                                              PETITIONER

v.                            NO. 2:19-cv-00093 JM/PSH

DEWAYNE HENDRIX                                                                  RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

In an attempt to summarize the proceedings giving rise to the case at bar, respondent Dewayne Hendrix ("Hendrix") has submitted a declaration from James D. Crook ("Crook"), an official with the Federal Bureau of Prisons ("BOP"). Petitioner Robert Blake Carson ("Carson") has not opposed the declaration. The undersigned accepts as true the representations contained in it and finds the following:

1. On June 30, 2014, [Carson] was arrested by Shelby County, Tennessee, authorities on a Warrant issued out of Henry County, Tennessee, for Theft of Property in case number[] 15393 (charges involve the instant federal offense). While in custody, [he] was charged in Benton County, Tennessee, with Forgery (reduced to Theft) in case number 14CR649. …

2. On October 27, 2014, [Carson's] probation was revoked in Benton County Circuit Court docket number 12CR35, with a maximum expiration date of April 7, 2015. …

3. On November 10, 2014, [Carson] was sentenced to a 4-year term of imprisonment; all suspended but 1-year in the Henry County Circuit Court, docket number 15393. The Court further ordered the sentence to run concurrently with the sentence imposed in the Benton County Circuit Court docket number 12CR35. Prior custody credit was applied to this sentence from June 30, 2014, through November 9, 2014, the date prior to the sentence being imposed. The maximum expiration date of this sentence is November 10, 2018. …

4. On November 26, 2014, [Carson] was sentenced to [an] 11-months and 29-day term of confinement; all suspended but 12-days in docket numbers 14CR594 and 14CR649, said terms to run concurrently. …

5. On April 28, 2015, [Carson] satisfied his state terms of confinement, releasing to the community to commence service of a 3-year term of probation in docket number 15393. …

6. On June 15, 2015, the United States District Court for the Western District of Tennessee issued a single count Indictment [in] Criminal Number 1-15-cr-10047-JDB, charging [Carson] with Convicted Felon in Possession of a Firearm … In addition, the Court issued an Arrest Warrant. …[1]

7. On June 17, 2015, [Carson] was arrested by the Federal Bureau of Investigation executing the Warrant. …

8. On March 4, 2016, the Assistant United States Attorney for the Western District of Tennessee issued an Information, Criminal Number 1:16-cr-10026-JDB, charging [Carson] with Convicted Felon in Possession of a Firearm … In addition, a Plea Agreement and Waiver of Indictment was issued based on both parties agreeing on an appropriate sentence of 120-months. …

9. On July 8, 2016, [Carson] was sentenced in the … Western District of Tennessee in case number [1:16-cr-10026], consisting of a 120-month term of imprisonment for Possession of Stolen Firearm …

---

[1] 1-15-cr-10047-JDB was subsequently dismissed at the Government's request.

See Docket Entry 5, Exhibit A at CM/ECF 1-3. Carson entered the custody of the BOP, and a sentence computation document was prepared. See Id. at 3. It reflected that his federal sentence in 1:16-cr-10026 was deemed to have begun on July 8, 2016, i.e., the day it was imposed, and a total of 387 days of prior custody credits were applied to the sentence for the period from June 17, 2015, through July 7, 2016, "for time spent in primary federal custody." See Id. at 4.

Carson disagreed with the sentence computation and began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In the petition, he asked that the BOP be directed to award him credit on his federal sentence in 1:16-cr-10026 for the period from June 30, 2014, to April 28, 2015. He also alleged that he asked the BOP to contact the sentencing court for a nunc pro tunc designation, but the BOP refused to do so.[2] He appears to ask that a nunc pro tunc designation now be made.

Hendrix filed a response to the petition and asked that it be dismissed. Hendrix so maintained for the two reasons. First, the jail credit sought by Carson has already been applied toward his state sentences and cannot also be applied toward his federal sentence in 1:16-cr-10026. Second, Carson's request for a nunc pro tunc designation is inappropriate in this instance because his state sentences were completed before his federal sentence in 1:16-cr-10026 was imposed.

Carson filed a reply to Hendrix's response. In the reply, Carson represented the following:

---

[2] "The BOP is authorized to designate a facility (federal or state) as the site for a defendant convicted of a federal offense to serve his federal sentence. 18 U.S.C. § 3621(b). The BOP may do this in advance of prisoner placement or through a nunc pro tunc order designating the state facility after the fact." See Elwell v. Fisher, 716 F.3d 477, 486 (8th Cir. 2013).

> Based on the fact that my judgment was silent as to my state sentence, it shouldn't be left up to the Bureau of Prisons to impose a consecutive sentence on me simply because my sentencing judge was silent on the issue.
>
> I have been a model inmate for my entire incarceration and incident report free. I have many accomplishments such as a High School GED and am 1 year into my associates degree in College. I'm also an RDAP (Residential Drug Abuse Program) Graduate. I have been enrolled in the UNICOR Work Program for almost 18 months now learning real skills that I can use when I return back to society.
>
> I'm asking you to remand this decision back to my sentencing judge, J. Daniel Breen, Western District of Tennessee, to see if he would run it concurrent, consecutive, or partially concurrent.
>
> Your honor, please don't leave this decision up to the Bureau of Prisons.

See Docket Entry 7 at CM/ECF 1.

The BOP initially possesses the exclusive authority to compute "sentence credit awards after sentencing." See Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995). The BOP's construction of a statute is due deference, but the judiciary retains "the final authority on matters of constitutionality and statutory construction. See Id.

18 U.S.C. 3585(b) provides that a defendant shall be given credit on his sentence for any time he spent in official detention prior to the date the sentence commences "as a result of the offense for which the sentence was imposed" or "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." 18 U.S.C. 3585(b) contains an important qualification; it provides that the defendant shall be given credit on his sentence for any time he spent in official detention prior to the date the sentence commences "that has not been credited against another sentence."

5

Here, it is clear that Carson's federal sentence in 1:16-cr-10026 commenced on July 8, 2016, or the day he was sentenced in the Western District of Tennessee. It did not begin any earlier. The question is whether he is entitled to credit on the sentence for the period from June 30, 2014, to April 28, 2015.[3] Having reviewed the record, the undersigned is persuaded that the BOP has calculated his sentence in a reasonable and appropriate manner and in accordance with federal law.

Crook's unrebutted declaration establishes that Carson received credit on his state sentence in 15393 for the period from June 30, 2014, through November 9, 2014. Because the period from June 30, 2014, through November 9, 2014, was credited to Carson's state sentence in 15393, 18 U.S.C. 3585(b) precludes crediting his federal sentence in 1:16-cr-10026 for the same period. See United States v. McIntyre, 508 F.2d 403 (8th Cir. 1975) (defendant not entitled to credit on federal sentence after receiving credit on state sentence for same period).

What about the period from November 10, 2014, to April 28, 2015? Crook's unrebutted declaration establishes that Carson received credit on his state sentence in 15393 for the period from November 10, 2014, to April 28, 2015, as it was the period he was serving his state sentence in 15393. Because the period from November 10, 2014, to April 28, 2015, was credited to his state sentence in 15393, 18 U.S.C. 3585(b) precludes crediting his federal sentence in 1:16-cr-10026 for the same period.[4]

---

[3] June 30, 2014, is the date on which Carson was arrested by Shelby County, Tennessee, authorities in 15393. April 28, 2015, is the date he satisfied his state terms of confinement and was released from state custody to begin serving a three year term of probation in 15393.

[4] Crook's unrebutted declaration reflects that during the period from November 10, 2014, to April 28, 2015, Carson also served brief state sentences in 14CR594 and 14CR649. Carson appears to have been given credit on those sentences for a portion of the period from November 10, 2014, to April 28, 2015.

6

Given Crook's representation that Carson's state sentence in 15393 "involves the instant federal offense," see Docket Entry 5, Exhibit A at CM/ECF 1, the undersigned notes that there is a limited exception to the prohibition against "double credit" for the same period. In United States v. Haney, 711 F.2d 113 (8th Cir. 1983), the Court of Appeals recognized what have become known as "Willis credits." See Willis v. United States, 438 F.2d 923 (5th Cir. 1971). Willis credits apply in the following instance:

> "… [w]here a prisoner is subject to a federal sentence and a state sentence that run concurrently, and the federal sentence will run longer than the state sentence." See Everett v. Ives, 2012 WL 2179097 (S.D.Ky. 2012). In those narrow circumstances, the BOP will credit the prisoner's federal sentence for "time spent in non-federal presentence custody during which the inmate is denied bail because of a federal detainer." See Davis v. Schultz, 2010 WL 5392649, 3 (D.N.J. 2010).

See Ginn v. Rivera, 2016 WL 8856931, 6 n.11 (E.D.Ark. 2016) (Ray, MJ). The exception is inapplicable in this instance because Carson's federal sentence in 1:16-cr-10026 is not, and has never been, concurrent with any of his state sentences. See Myers v. Outlaw, 2011 WL 873343 (E.D.Ark. 2011) (Cavaneau, MJ), report and recommendation adopted, 2011 WL 873314 (E.D.Ark. 2011) (Wright, J.) (double credit available if, inter alia, the state and federal sentences are concurrent).[5]

---

[5] Hendrix's response appears to indicate that at some point before July 8, 2016, Carson may have entered federal custody pursuant to a writ of habeas corpus ad prosequendum. See Docket Entry 5 at CM/ECF 6. A writ of habeas corpus ad prosequendum does not change a defendant's custody status; instead, it merely changes the location of his custody for the sentence he is already serving. See Munz v. Michael, 28 F.3d 795 (8th Cir. 1994). Although it is not clear when Carson may have entered federal custody pursuant to such a writ, it is clear that state officials had primary custody of him beginning on June 30, 2014, and continuing to April 28, 2015. If he did in fact enter federal custody pursuant to a writ of habeas corpus prosequendum during that period, he was simply "on loan." Moreover, Carson received credit on his state sentence in 15393 for the period from June 30, 2014, to April 28, 2015, and 18 U.S.C. 3585(b) precludes crediting his federal sentence in 1:16-cr-10026 for the same period. Carson was in neither state nor federal custody between April 29, 2015, and June 16, 2015. He was arrested by federal authorities on June 17, 2015, and he received credit on his federal sentence in 1:16-cr-10026 for the period from June 17, 2015, to July 7, 2016, the latter date being the day before he was sentenced.

Carson alternatively maintains that he asked the BOP to contact the sentencing court for a nunc pro tunc designation, but the BOP refused to do so. He appears to ask that a nunc pro tunc designation now be made.

In Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1991), a petitioner obtained habeas corpus relief when the BOP "mistakenly failed to recognize its power to designate a state facility nunc pro [tunc] as a place of federal confinement where [he] could gain credit against his federal sentence for the time which the state ordered to run concurrently with the federal sentence." See Gonzalez v. Hawke, 2006 WL 2465307, 6 (D.N.J. 2006). Barden, though, does not "authorize the BOP to award credit for time in state custody prior to the imposition of a federal sentence." See Id.

Giving the BOP's decision the deference it is due, the BOP could refuse to contact the sentencing court for a nunc pro tunc designation and could refuse to award Carson a nunc pro tunc designation. Carson was not sentenced in 1:16-cr-10026 until July 8, 2016, and Barden does not authorize the BOP to award credit for time in state custody prior to the imposition of a federal sentence. Moreover, Carson was not subject to an undischarged state sentence at the time he was sentenced in 1:16-cr-10026, and "[t]he state sentences were satisfied prior to the federal sentence being imposed." See Docket Entry 5 at CM/ECF 8.

Carson maintains that he has been a model inmate, without incident reports and furthering his education. Although the undersigned appreciates his deportment while incarcerated, and commends his efforts at furthering his education, his conduct while incarcerated cannot justify awarding him the relief he seeks in this case.[6]

---

[6] His conduct, though, will undoubtedly impact his ability to earn Good Conduct Time.

8

Carson also asks that this case be remanded to the sentencing judge, "J. Daniel Breen, Western District of Tennessee, to see if he would run [the federal sentence in 1:16-cr-10026] concurrent, consecutive, or partially concurrent." See Docket Entry 7 at CM/ECF 1. The questions posed by the case at bar are whether the BOP is properly computing Carson's federal sentence in 1:16-cr-10026 and whether he is entitled to a nunc pro tunc designation. This case does not involve whether his sentence should be served concurrent, consecutive, or partially concurrent with some other sentence. The undersigned therefore declines his invitation.

For the foregoing reasons, the undersigned finds that Carson is not entitled to the relief he seeks. Accordingly, his petition should be dismissed, all requested relief should be denied, and judgment should be entered for Hendrix.

DATED this 1st day of November, 2019.

_____
UNITED STATES MAGISTRATE JUDGE